IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAYLOR SUMMERS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| GEORGIA BEHAVIORAL HEALTH ) | |
| PROFESSIONALS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Taylor Summers ("Summers" or "Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Georgia Behavioral Health Professionals ("GBHP" or "Defendant"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff Taylor Summers is subject to the jurisdiction of this Court.

4.

Defendant at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Ashley Tagtachian, 5175 Falcon Chase Lane, Atlanta, GA, 30342.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff began her employment with Defendant on or around August 5, 2019 as a TMS Treator.

8.

At the time of Plaintiff's termination in April 2020, she was a TMS Coordinator.

9.

Plaintiff's disabilities are severe allergies and severe asthma.

10.

In or around February 1, 2020, Plaintiff was promoted to TMS Coordinator. About two weeks after this promotion Plaintiff received a pay raise.

11.

In or around, February 17, 2020, Plaintiff requested for another pay raise due to her great performance. Kim Quick said yes to the raise and that Plaintiff was doing a good job.

12.

In or around the end of March 2020, during the COVID-19 outbreak, there was a group phone meeting and Beth Barron asked the TMS Treators, which Plaintiff no longer was, to come in to work. Beth also asked Plaintiff if she would come in and be a Treator, which involves being very close to patients.

13.

Plaintiff told her that she does not feel comfortable because Plaintiff is high risk and has asthma.

14.

At another phone meeting Beth asked Plaintiff again if Plaintiff could come in and be a TMS Treator. Plaintiff told her again that she does not feel comfortable and it is unsafe due to her asthma.

15.

On April 2, 2020, Plaintiff was asked a third time by Beth to come in to be a TMS Treator in a group message. Beth asked the group which one can fill in for Lacy and specifically writes at the end "Taylor???".

16.

Plaintiff replied by writing, "Like I said I really don't feel comfortable going in. I have asthma and I understand that there are masks, but I don't want to put myself in there and risk getting sick.".

17.

On April 10, 2020, Plaintiff spoke to Kim Quick, Plaintiff's supervisor, and Kim Quick said that Plaintiff looked bad because Plaintiff won't come in and be a Treator. Kim said she would talk to Beth and call Plaintiff back on Monday.

18.

On April 13, 2020, prior to hearing back from Kim Quick, Plaintiff was terminated by Lisa Ragsdale. Lisa would not give Plaintiff a reason for the termination. Plaintiff called Kim to tell her Plaintiff that she was fired. Kim said she was not aware that Plaintiff was going to be fired. Kim called Beth and then called Plaintiff back and told Plaintiff she was fired for "not being a team player."

19.

At all times relevant, Plaintiff has suffered from disabilities, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

20.

At all times relevant, Defendant had knowledge of Plaintiff's disabilities.

21.

Defendant refused to accommodate Plaintiff's disability and it would not have caused an undue burden for Defendant to provide Plaintiff an accommodation. Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's disability, and retaliation for Plaintiff engaging in protected activity.

22.

Defendant terminated Plaintiff's employment because of her disabilities, perceived disability, need for an accommodation, and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for her disabilities.

## COUNTS I & II
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (ADA DISCRIMINATION AND RETALIATION)

20.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

21.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

22.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

23.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

24.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

25.

Plaintiff's disabilities and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

26.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

27.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

28.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

29.

In terminating Plaintiff after she sought a reasonable accommodation, Defendant retaliated against Plaintiff in violation of the ADA.

30.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

31.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 13th day of July, 2020.

**BARRETT & FARAHANY**

*s/ Michael S. Wilensky*
Michael S. Wilensky
Georgia Bar No. 321055
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500 Atlanta, GA 30309
(404) 537-4161
Michael@JusticeAtWork.com